James J. Conroy, J.
In these two companion proceedings, pursuant to article 78 of the Civil Practice Act, petitioner seeks to review the determinations of the State Rent Administrator.
The proceedings involve two apartment houses at Sunnyside, Queens County, New York. On December 1, 1944, the building known as 43-15 46th Street was owned by a corporation whose stock was wholly owned by Jerome Berger. The adjacent building at 43-33 46th Street was owned by a corporation whose stock was wholly owned by Jerome’s brother, Seymour Berger.
On March 14,1959, title to both buildings was transferred to a partnership in which Jerome and Seymour were equal partners. Said partnership is the present landlord.
On November 22, 1960, the landlord applied to the local rent office for an increase in -maximum rents of the apartments in *282 both buildings on the ground that the net annual return on the property was less than the 6% allowed by law.
In computing the net annual return, respondent allowed only $6,439.17 as depreciation on the buildings instead of $7,529.41, which would have been 2% of the equalized assessed valuation. This reduced petitioner’s operating expenses by $1,090.24.
Petitioner claims that respondent was required to allow either 2Jo of the equalized assessed valuation, or the depreciation claimed by the petitioner in its latest Federal income tax return. It is true that the statute so reads (Emergency Housing Rent Control Law, § 4, subd. 4, par. ['a], cl. [1]; L. 1946, ch. 274, as amd.).
The depreciation shown on petitioner’s latest Federal income tax return was $23,250. The figure used by the respondent was the depreciation claimed in a prior return covering these properties, namely, the last return filed by the corporate owners.
It appears that after the transfer to the present landlord a new method of depreciation was claimed on the Federal income tax return. The corporations had each claimed depreciation of slightly more than 3% of the capitalized value of the building, to wit, $212,000, on a straight line method, whereas the partnership uses a 7%% declining balance method on the appreciated capitalization of the building, to wit, $310,000. This latter figure includes capital improvements made prior to the transfer of the property to the partnership.
Respondent concedes that ordinarily a landlord is entitled to an allowance for depreciation of either 2% of the equalized assessed valuation, or the depreciation claimed in its latest Federal income tax return. In the instant case, however, respondent recognized the continuity of ownership in that the buildings are now owned by a partnership composed of the two sole stockholders of the predecessor corporate owners. In computing the net annual return, respondent allowed depreciation of capital items which had been installed prior to the transfer of ownership. Ordinarily, an allowance is granted only for additions to the property made after the date of acquisition. The allowance in this case made for item's installed prior to the transfer operated in petitioner’s favor and more than offset the difference in depreciation on the buildings.
While the respondent may technically have applied the statute incorrectly, the error has not adversely affected the petitioner, since it benefited by respondent’s consistency in allowing depreciation on prior capital items. Respondent’s determination, therefore, Cannot be said to be arbitrary or capricious.
*283 Petitioner’s second, point concerns the amount allowed as an expense for the installation of air-conditioning circuits. Petitioner claims that respondent should have allowed 12 times the monthly increase ordered for the improvement, as respondent does for electric wiring. Respondent allowed 1/20 of the expense of the improvement on the ground that it has a useful life of 20 years. The distinction lies in the fact that air conditioning is an additional service which must be agreed to by the landlord and the tenant under paragraph a of subdivision 1 of section 33 of the State Rent and Eviction Regulations, whereas electric wiring does not depend upon the consent of the tenant.
Respondent’s determination cannot be said to be arbitrary or capricious. The application is denied and the petition dismissed.